IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RAPID FUNDING GROUP, INC.,

        Plaintiff,

     v.

KEYBANK NATIONAL ASSOCIATION,

        Defendant.

No. CV 07-1348-PK

OPINION AND ORDER

**MOSMAN, J.**,

On September 10, 2008, Magistrate Judge Papak issued an Opinion and Order (#62) in the above-captioned case recommending that I deny defendant's motion for protective order (#43). Objections to the Opinion and Order have been filed.

The magistrate judge makes only recommendations to the court, to which any party may file written objections. The court is not bound by the recommendations of the magistrate judge, but retains responsibility for making the final determination. The court is generally required to make a *de novo* determination of those portions of the report or specified findings or

PAGE 1 - OPINION AND ORDER

recommendation as to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, the

court is not required to review, under a *de novo* or any other standard, the factual or legal

conclusions of the magistrate judge as to those portions of the Opinion and Order to which no

objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-*

*Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While the level of scrutiny under which I am

required to review the Opinion and Order depends on whether or not objections have been filed,

in either case, I am free to accept, reject, or modify any of the magistrate judge's Opinion and

Order. 28 U.S.C. § 636(b)(1)(C).

Defendant contends the magistrate judge misapplied the test in *Shelton v. Am. Motors*

*Corp.*, 805 F.2d 1323 (8th Cir. 1986), for when to allow depositions of opposing attorneys. First,

I agree with the proposition that *Shelton* does not apply to this very limited deposition. Even if it

did, I find plaintiff has met its burden to satisfy each of the three *Shelton* prongs. The narrow set

of information sought is relevant to the issues of reliance and agency. As to those issues, the

deposition will not get at any privileged communications: the attorney client privilege does not

attach to any of the relevant communications with Roberts or third-party recipients of the letters.

Neither would the work product privilege apply to these carefully defined communications at that

time in the history of this case. I find the issues of reliance and agency central -- that is, critical --

to the case. The closest issue is whether any other means exist to get this information. Typically,

interrogatories or other written discovery requests might suffice. But here, given the current state

of the litigation, and the need to discuss the termination interview, I agree with Judge Papak that

this very limited deposition is the only <u>effective</u> means to get the information.

///

PAGE 2 - OPINION AND ORDER

Upon review, I agree with Judge Papak's recommendation, and I ADOPT the Opinion and Order (#62) as my own opinion.

IT IS SO ORDERED.

DATED this _ 22nd _ day of October, 2008.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Judge

PAGE 3 - OPINION AND ORDER